This is an appeal from a judgment of the Sandusky County Court of Common Pleas, Domestic Relations Division, that granted the parties a divorce and ordered the division of marital property and payment of spousal support. For the reasons explained below, this court reverses in part the judgment of the trial court.
Appellant sets forth the following assignments of error:
"ASSIGNMENT OF ERROR NO. I
 "THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT DENIED PLAINTIFF'S REQUEST FOR SEPARATE FINDINGS OF FACT AND CONCLUSIONS OF LAW.
"ASSIGNMENT OF ERROR NO. II
 "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT FAILED TO FIND THAT DEFENDANT WAS VOLUNTARILY UNDEREMPLOYED AFTER APRIL 1, 1997 AND BASED CHILD SUPPORT ON AN ANNUAL INCOME OF $12,500.
"ASSIGNMENT OF ERROR NO. III
 "THE DECISION OF THE COURT WAS AGAINST THE WEIGHT OF THE EVIDENCE AND AN ABUSE OF DISCRETION.
"ASSIGNMENT OF ERROR NO. IV
 "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT FAILED TO FIND THAT DEFENDANT HAD BEEN INVOLVED IN FINANCIAL MISCONDUCT.
"ASSIGNMENT OF ERROR NO. V.
 "THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION WHEN IT FAILED TO MAKE A DECISION AND CAUSE A JUDGMENT ENTRY TO BE FILED UNTIL SEVENTEEN MONTHS AFTER THE CASE WAS FIRST SUBMITTED FOR DECISION."
The facts that are relevant to the issues raised on appeal are as follows. The parties were married in 1980 and had three children together. On October 27, 1995, appellant filed a complaint for divorce. On December 12, 1995, the trial court issued a temporary support order which designated appellant residential parent and granted appellee visitation privileges; gave appellant exclusive occupancy of the marital home; ordered appellee to pay $1,200 per month for temporary support of appellant and the children; ordered appellee to make payments on the mortgage, taxes, insurance and utilities for the marital residence; ordered appellee to maintain health insurance on appellant and the children; and ordered appellee to make payments on the parties' car loans and numerous credit cards.
The case came to trial on March 28, 1996. The parties were granted a divorce on grounds of incompatibility and the trial court heard testimony relevant to the issue of the division of marital property. Appellee testified that he was currently employed by Bobcat of Dayton as office manager of the Toledo branch. Appellee stated that he was earning $1,000 per month salary and twenty-five percent commission on net profits from his sales of farm equipment. Appellee further testified that after the temporary order was filed he borrowed approximately $17,000 to consolidate the parties' credit card debt. He stated that the payment on that loan was $464 per month. He also was making payments of $272 per month on the marital car and $314 per month on the mortgage for the farm on which appellant and the children were still living. The parties stipulated that the balance remaining on the home mortgage was $49,000. The parties agreed to submit written briefs in lieu of closing arguments. Both parties submitted appraisals on the value of the farm property and on September 19, 1996, each of the appraisers was cross-examined by counsel for the parties. All briefs were filed by November 18, 1996.
On April 1, 1997, appellant filed a motion to show cause in which she alleged that appellee had failed to pay the $1,200 monthly child support as well as the real estate taxes, insurance and utilities as ordered. Appellee lost his job in April 1997 and on April 7, he filed a motion for modification of the temporary support order in which he claimed a change in his financial circumstances.
On June 10, 1997, pursuant to agreement of the parties, the trial court ordered the sale of the marital home for $100,000. The sale of the property was final in July. From the proceeds of the sale, $14,296.87 was deducted to pay off a personal judgment against appellee for a note he had taken out to pay support arrearages. The trial court ordered that the net proceeds of the sale, which came to $32,318.92 after payment of all liens and expenses, be placed in a trust account until further order of the court. On July 30, 1997, appellant filed a motion for an order allowing her to receive a distribution of $4,000 from the net proceeds of the marital home for living expenses because appellee had failed to make the monthly support payments after April 1997. On July 31, 1997, the trial court ordered a distribution to appellant of $2,915 for car payments, car insurance, groceries, and clothing and supplies for the children.
On September 2, and 11, 1997, the matter came on for further hearing on the issues of the division of property and spousal support. Testimony was presented by both parties as to the marital debt and the evidence showed that the mortgage and the consolidated credit card debt had been paid off after the farm was sold. Appellant testified that appellee had not paid the mortgage, real estate taxes, gas, phone or trash pick-up bills since April 1. She further stated that appellee had failed to comply with the order to provide health insurance for her and the children since he was fired from his job in early April. She testified that she has incurred over $11,000 in new credit card debt for payment of living expenses since April. Appellee testified that he had not looked for a job in the field of farm equipment sales because he had no car and was bound by a non-compete agreement with Bobcat. Appellee was unable to produce evidence, however, of a written non-compete agreement. He testified that he had earned some money training horses for other people.
On December 16, 1997, the trial court filed its decision in which it stated the case was again before the court "for consideration of the issues remaining for decision after the prior granting of a divorce and the partial agreement of the parties as to other matters." In its decision, the trial court disallowed spousal support; ordered appellee's child support obligation modified based on an annual income of $12,500 effective April 1, 1997; ordered the child support arrearage and any remaining marital debt to be paid from the funds that were placed in escrow after the sale of the farm, and ordered the balance of any funds to be divided between the parties on the basis of twenty-five percent to appellee and seventy-five percent to appellant. The trial court ordered counsel for appellant to prepare a final entry with a child support worksheet reflecting the modified support order.
On December 23, 1997, appellant filed a request for findings of fact and conclusions of law and on January 21, 1998, the trial court denied appellant's request, stating that its decision contained sufficient factual findings and conclusions to satisfy Civ.R. 52.
On February 6, 1998, appellant filed a motion asking the court to order that the judgment entry attached to her motion be filed as the court's judgment entry in this case. Appellant asserted that the attached judgment entry correctly set forth the trial court's decision. Appellee subsequently submitted a proposed final judgment entry which amounted to appellant's draft with some modifications. On February 25, 1998, further hearing was held for purposes of resolving some disagreement as to the final entry of divorce. Appellant's counsel asserted to the court that he had submitted a proposed judgment entry to appellee's attorney and that when it was sent by that attorney to the court it contained changes that did not comply with the court's December 16, 1997 decision. Counsel and the trial court ironed out the areas in dispute to the satisfaction of both parties and the trial court instructed appellant's attorney to add language as agreed upon relating to the issues of residential parent, standard visitation and standard allocation of health care expenses.
On March 11, 1998, the trial court filed its final judgment entry of divorce in which it: 1) found that appellee was terminated from his employment as of April 1, 1997, and had an annual income of $12,500; 2) named appellant residential parent of the parties' children and ordered appellee to pay appellant child support of $91 per month per child; 3) ordered visitation and companionship by appellee as the parties may agree or, if they cannot agree, subject to the court's standard order for visitation, a copy of which was attached; 4) ordered allocation of health care expenses pursuant to the court's standard order, attached and incorporated therein; 5) ordered that no spousal support be allowed and 6) awarded each party the items of personal property in their respective possession. As to the allocation of marital debt and the division of the assets in escrow, the trial court ordered that: 1) appellant be awarded the sum of $7,615.19, which is equal to the cash advance appellee was awarded from the farm proceeds to purchase a truck; 2) ordered that the remaining marital debts totaling $3,706.19 be paid from the funds in escrow; 3) ordered that appellee's child support arrearage be paid from the funds in escrow; 4) ordered that appellee be paid $175 from the funds in escrow for personal items he was supposed to have received from appellant and 5) ordered that the balance of the funds in the escrow account be divided on the basis of seventy-five percent to appellant and twenty-five percent to appellee. It is from this judgment that appellant appeals.
In her first assignment of error, appellant asserts that the trial court erred by denying her request for separate findings of fact and conclusions of law after the court filed its December 16, 1997 decision. Appellee responds that separate findings of fact and conclusions of law were not necessary in this case because the trial court's decision and the record contain sufficient information for this court to review the case and determine the appeal.
The purpose of separately stated findings of fact and conclusions of law is to enable a reviewing court to determine the existence of assigned error. The failure to comply with the requirements of Civ.R. 52 is reversible error. In re Adoption ofGibson (1986), 23 Ohio St.3d 170, 172. It has been held, however, that such failure can constitute harmless error "* * * when the record, taken as a whole, along with the court's order provides an adequate basis to dispose of all the claims presented." Finn v.Krumroy Constr. Co. (1990), 68 Ohio App.3d 480, 487. See, also,Domestic Linen v. Kenwood Dealer Group (1996), 109 Ohio App.3d 312,328; Abney v. W. Res. Mut. Cas. Co. (1991), 76 Ohio App.3d 424,431. We find that the trial court's written decision in this case sufficiently sets forth the basis for its ruling and this court has an adequate basis upon which to decide the assignments of error. Accordingly, the trial court's failure to state separate findings of fact and conclusions of law was harmless error and appellant's first assignment of error is not well-taken.
In her second assignment of error, appellant asserts that the trial court erred when it failed to find that appellee was voluntarily underemployed after April 1, 1997. Appellant argues that appellee deliberately chose not to seek employment with any of Bobcat's competitors. Appellant further argues that the trial court therefore should not have based its modified child support order on appellee's claimed annual income of $12,500 and cites appellee's average annual income of $57,667 for the three years prior to 1997.
Whether a parent is voluntarily unemployed or voluntarily underemployed is a question of fact to be determined by the trial court based upon the facts and circumstances of each case. Rock v. Cabral (1993), 67 Ohio St.3d 108, 112. The determination will not be disturbed on appeal absent an abuse of discretion. Id. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219.
We have thoroughly examined the record of proceedings in this case. In its December 16, 1997 decision, the trial court found that "* * * at the time [appellee] was terminated, it was a business decision by the employer * * *" and determined that appellee's child support obligation should be computed based on an annual income of $12,500. Appellant had testified to an approximate income of $12,500 and had stated that he was hampered in his efforts to earn more money because he could not afford a car. Appellant did not present any evidence to the trial court, from appellee's former employer or otherwise, sufficient to justify finding that appellee is underemployed. Accordingly, we find no abuse of discretion by the trial court as to this issue and appellant's second assignment of error is not well-taken.
In her third assignment of error, appellant asserts that the trial court's division of the escrow funds remaining from the sale of the farm was against the manifest weight of the evidence and an abuse of discretion.
R.C. 3105.171(B) requires the trial court to equitably divide and distribute the marital property after granting a divorce. The trial court is vested with broad discretion in fashioning an equitable division of property. Berish v. Berish
(1982), 69 Ohio St.2d 318, 319. This court may not reverse the trial court's determination as to matters involving the division of marital property absent an affirmative showing of an abuse of discretion. Cherry v. Cherry (1981), 66 Ohio St.2d 348; Berish,supra; Blakemore, supra.
Appellant cites a judgment against appellee for $14,296.89 which was deducted from the proceeds of the farm sale. Appellant claims that the judgment was appellee's obligation and was therefore improperly deducted from the marital assets remaining after the sale of the farm.
A review of the settlement statement from the sale of the farm shows a payoff of $14,296.87 which was deducted from the profits of the sale. Because there is no further indication in the record of what that sum represented and appellant did not present any evidence relevant thereto, this court will presume it to have been a payoff of marital debt. The record does contain appellee's testimony that he borrowed approximately $17,000 to consolidate much of the marital debt, and appellant did not dispute this. It appears to this court from the evidence available in the record that the $14,296.87 payoff was used appropriately for marital debt.
Of concern to this court is the manner in which the trial court ordered that appellee's child support arrearage dating back to April 1, 1997, should be paid. In the March 11, 1998 judgment entry, the trial court found that the sum of $31,818.92 remained in escrow after the sale of the farm. The trial court then ordered that "[the] child support arrearage under the temporary support order shall be paid from these funds." [Emphasis added.] The trial court did not allocate the balance of the escrow funds between the parties until after the child support arrearage was deducted. The result of this order is that appellant was paid the back child support from her own share of the marital assets; she therefore has contributed half of the child support to which she was entitled. This aspect of the allocation of the marital assets is clearly unreasonable, to say the least. We therefore find that the trial court abused its discretion in its division of marital assets and appellant's third assignment of error is well-taken.
In her fourth assignment of error, appellant asserts that the trial court erred by failing to find that appellee had engaged in financial misconduct. Appellant argues that appellee failed to take advantage of promising financial opportunities with Bobcat. She claims that appellee lost those opportunities, and ultimately his job, primarily due to his relationship with a female co-worker which interfered with his ability to manage the business effectively.
R.C. 3105.171(E) provides that in order to effectuate a division of marital property, and in order to achieve equity between the parties, the court may make a distributive award. That section further provides, however, that if a spouse has engaged in financial misconduct, the trial court may compensate the offended spouse with a distributive award or with a greater award of marital property.
Appellant cites three cases in which this court has upheld the trial court's finding that one of the parties had engaged in financial misconduct during the marriage. Holmes v.Holmes (Feb. 25, 1994), Erie App. No. E-93-23, unreported; Deitlerv. Deitler (Dec. 30, 1994), Lucas App. L-94-011, unreported;Newman v. Newman (Mar. 31, 1995), Lucas App. L-93-354, unreported. The facts of the case before us, however, do not rise to the level of conduct cited in the cases cited by appellant. InNewman, supra, the defendant ran up credit card debt of over $56,000, cashed almost $20,000 of marital certificates of deposit, and let back taxes accumulate on marital property. In Deitler,supra, the defendant failed to pay income taxes, workers' compensation and sales taxes on his business, which resulted in tax liens on marital rental property that exceeded the parties' equity in the property. In Holmes, supra, the defendant voluntarily retired at an early age and then allowed the parties' rental properties to fall into disrepair.
Based upon our review of the record and the law, we find that appellee did not engage in financial misconduct and appellant's fourth assignment of error is not well-taken.
In her fifth assignment of error, appellant asserts that the trial court abused its discretion when it failed to cause a judgment entry to be filed in this case until seventeen months after the case was first submitted for decision. Although the passage of seventeen months between the divorce hearing and the final judgment entry may appear on its face to be excessive, it should be noted that during that time there was activity in the case; appellant filed a motion to show cause for non-payment of support; appellee filed a motion for modification of child support; the marital home and farm were appraised, put on the market and sold; and two additional hearings were held to take timely evidence as to the issue of the division of property. While this court does not condone unnecessary delay on the trial court's part in rendering a final decision on issues which so clearly affect the lives of the parties, we are unable to find that the trial court's timing in this case rises to the level of reversible error. Accordingly, appellant's fifth assignment of error is not well-taken.
Upon consideration whereof, this court finds that substantial justice was not done the party complaining. The judgment of the Sandusky County Court of Common Pleas, Domestic Relations Division, is reversed as to the division of marital assets and the payment of child support arrearages, and is remanded to the trial court for further proceedings consistent with this opinion. Costs of this appeal are to be divided equally between the parties.
 JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist. Loc. App. R. 4, amended 1/1/98.
Peter M. Handwork, P.J.
 James R. Sherck, J.
 Richard W. Knepper, J.
CONCUR.