Appellant, Robert J. Thomas, D.O., filed a complaint for divorce against appellee, Sharon A. Thomas, in the Franklin County Court of Common Pleas, Division of Domestic Relations, on January 21, 1994. Appellee filed an answer and counterclaim on February 1, 1994. The trial court entered temporary orders, pursuant to Civ.R. 75(M), in an agreed judgment entry filed February 23, 1994. Under the temporary orders, appellant was ordered to pay appellee $4,200 per month, plus poundage (now processing charge) in temporary spousal support.
The trial court held a contested divorce trial on the issues of property division and spousal support between September 25, 1995, and November 14, 1995. In the judgment entry — decree of divorce, filed June 28, 1996, the trial court granted both parties a divorce on the grounds of living separate and apart without cohabitation for more than a year, awarded appellant net assets of $1,580,048.50, awarded appellee assets of $1,223,030.50, and ordered appellant to pay appellee $10,000 per month, plus poundage (now processing charge) in permanent spousal support, terminable upon the death of either party or upon appellee's remarriage, with the court specifically retaining jurisdiction to modify the spousal support amount.
Appellant filed a timely notice of appeal on July 26, 1996. Appellant asserted eleven assignments of error on appeal. In an opinion filed May 13, 1997, this court sustained two of appellant's assignments of errors, finding that the trial court abused its discretion by failing to consider appellee's investment income and that the spousal support award was inappropriate and unreasonable because the investment income was not considered. Thomas v. Thomas (May 13, 1997), Franklin App. No. 96APF07-949, unreported (1997 Opinions 1664). We reversed the trial court's decision and remanded for the trial court to consider investment income and to establish a reasonable and appropriate amount of spousal support. Id. The Supreme Court of Ohio declined jurisdiction to hear the case.Thomas v. Thomas (1997), 80 Ohio St.3d 1414.
On remand, the trial court declined to hear oral argument or to take additional evidence, but the trial court allowed the parties to file memoranda in support of their positions. The trial court issued a decision on the remand in a judgment entry filed on April 23, 1998. The trial court found that appellee could earn $45,736.64 in interest annually at an eight percent rate of return on the McDonald Company accounts she was awarded in the property division. However, the trial court determined that it was not fair and equitable to require appellee to use the interest from her investment accounts to meet her daily living expenses. Thus, the trial court affirmed its original spousal support award of $10,000 per month, plus poundage as a reasonable and appropriate amount of spousal support. Appellant filed a request for findings of fact and conclusions of law, pursuant to Civ.R. 52, on April 28, 1998. The trial court denied this request for findings of fact and conclusions of law in an entry filed April 29, 1998.
Appellant filed a timely notice of appeal on May 20, 1998. In his appeal, appellant asserts six assignments of error:
ASSIGNMENT OF ERROR No. 1
 THE TRIAL [COURT] ERRED AND ABUSED ITS DISCRETION IN FAILING TO ABIDE BY THE PURPOSE OF THIS COURT'S PRIOR ORDER OF REMAND AND REDUCE SPOUSAL SUPPORT.
 ASSIGNMENT OF ERROR No. 2
 THE TRIAL [COURT] ERRED AND ABUSED ITS DISCRETION IN ORDERING AN AMOUNT OF SPOUSAL SUPPORT WHICH WAS NOT REASONABLE OR APPROPRIATE UNDER THE TOTALITY OF THE CIRCUMSTANCES.
 ASSIGNMENT OF ERROR No. 3
 THE TRIAL [COURT] ERRED AND HELD AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE BY ORDERING AN AMOUNT OF SPOUSAL SUPPORT WHICH WAS NOT REASONABLE OR APPROPRIATE UNDER THE TOTALITY OF THE CIRCUMSTANCES.
 ASSIGNMENT OF ERROR No. 4
 THE TRIAL [COURT] ERRED AND ABUSED ITS DISCRETION IN ORDERING SPOUSAL SUPPORT IN AN AMOUNT WHICH THE APPELLANT CANNOT REASONABLY PAY.
 ASSIGNMENT OF ERROR No. 5
 THE TRIAL [COURT] ERRED AND ABUSED ITS DISCRETION BY FAILING TO PROVIDE FOR A FIXED TERMINATION DATE FOR THE SPOUSAL SUPPORT AWARD.
 ASSIGNMENT OF ERROR No. 6
 THE TRIAL [COURT] ERRED AND ABUSED ITS DISCRETION BY FAILING TO GIVE FINDINGS OF FACT AND CONCLUSIONS OF LAW, PURSUANT TO A PROPER AND TIMELY REQUEST, TO EXPLAIN HOW IT ARRIVED AT ITS DECISION.
We included an extensive discussion of the parties' factual circumstances in our previous May 13, 1997 opinion inThomas. Consequently, only the facts relevant to appellant's assignments of error will be discussed below.
Appellant's first four assignments of error all concern the trial court's award of spousal support. Appellant argues that the trial court abused its discretion in awarding appellee an amount of spousal support that is not reasonable or appropriate under the circumstances. We agree.
In making a spousal support determination, a trial court must consider all the factors under R.C. 3105.18 and may not base its spousal support award on any one factor taken in isolation.Kaechele v. Kaechele (1988), 35 Ohio St.3d 93, 96 [Kaechele l];Cherry v. Cherry (1981), 66 Ohio St.2d 348, 355-356. R.C.3105.18(C)(1) provides that a trial court must consider the following factors to establish a reasonable and appropriate amount of spousal support:
 (a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 [3105.17.1] of the Revised Code;
(b) The relative earning abilities of the parties;
 (c) The ages and the physical, mental, and emotional conditions of the parties;
(d) The retirement benefits of the parties;
(e) The duration of the marriage;
 (f) The extent to which it would be inappropriate for a party, because he will be custodian of a minor child of the marriage, to seek employment outside the home;
 (g) The standard of living of the parties established during the marriage;
 (h) The relative extent of education of the parties;
 (i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 (j) The contribution of each party to the education, training, or earning ability of the other party including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 (k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 (l) The tax consequences, for each party, of an award of spousal support;
 (m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 (n) Any other factor that the court expressly finds to be relevant and equitable.
A trial court has broad discretion in fashioning an equitable spousal support award based upon the facts and circumstances of each case, but this discretion is not unlimited. Kunkle v.Kunkle (1990), 51 Ohio St.3d 64, 67; Cherry, at 355. "A reviewing court cannot substitute its judgment for that of the trial court unless, considering the totality of the circumstances, the trial court abused its discretion." Kunkle,
at 67, citing Holcomb v. Holcomb (1989), 44 Ohio St.3d 128,131. An abuse of discretion requires more than an error of law or judgment but, instead, it entails an action of the trial court that is "unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Thus, in reviewing a spousal support award on appeal, the appellate court must "look at the totality of the circumstances and determine whether the trial court acted unreasonably, arbitrarily or unconscionably." Kunkle, at 67.
In its decision after remand, the trial court specifically found that appellee would generate $45,736.64 in interest per year from the two McDonald Company investment accounts. Thus, the trial court found that appellee would earn $3,811.39 per month before taxes in interest income. This amount of investment income is greater than thirty-five percent of appellee's monthly budget. However, the trial court declined to reduce appellee's spousal support award of $10,000 per month, plus a two-percent processing charge.
The trial court's analysis as to why its finding of $45,736.64 of investment income should not reduce appellee's spousal support award was based upon the following justifications: 1) reducing appellee's spousal support award would require a reexamination of the property division; 2) appellee would have to liquidate her assets to meet her living expenses; and 3) requiring appellee to use investment income to meet her living expenses will prevent her assets from appreciating. Therefore, the trial court concluded that the original spousal support award was reasonable and appropriate, despite finding that appellee would have $45,736.64 in yearly investment income.
The trial court's first justification for not reducing appellee's spousal support award is that a reduction in appellee's spousal support award would amount to a further reduction of appellee's share of the property division. Under the amendments to R.C. 3105.18 in 1990 H.B. No. 514, property division and spousal support were separated into two distinct statutes, with R.C. 3105.171 covering property division and with R.C. 3105.18 covering spousal support. 1 Sowald 
Morganstern, Baldwin's Ohio Practice, Domestic Relations Law (1997) 533-536, Sections 13.1 to 13.3. Under R.C.3105.171(C)(3), the trial court must make an equitable division of property before making a spousal support award andwithout regard to the spousal support award under R.C. 3105.18, which provides that the court may award spousal support only after making a property division under R.C. 3105.171. The role that the property division actually plays in the calculation of a spousal support award is in determining the income of the parties from all sources, including income from property awarded under R.C. 3105.171. R.C. 3105.18(C)(1)(a). Thus, the income generated from the equitable property division is only a component of the income of the parties and one of the fourteen factors the court must consider in crafting a spousal support award under R.C. 3105.18(C)(1).
Additionally, the trial court's conclusion that a reduction in the spousal support award requires a re-examination of the property division is contrary to its prior findings. In the original decree, the trial court awarded appellant more property than appellee in recognition of his significant and continuing financial obligations to his children. Therefore, contrary to the trial court's recital in its decision after remand, appellee's spousal support award would not necessarily require a reconsideration of the equitable property division in the original decree.
The second justification the trial court gave for not reducing appellee's spousal support award is that it would be unfair and inequitable to require appellee to liquidate her assets from the property division to meet her living expenses. However, the trial court found that appellee's investment accounts would generate a significant amount of interest income. Such income could be utilized by appellee to help meet her monthly expenses while leaving the principal untouched, or, if only a portion of the income was diverted to her budget, the remaining interest could be reinvested and thereby appreciate. Therefore, the trial court's concern in this regard is unfounded.
Similarly, the trial court's third justification for not reducing appellee's spousal support award is that requiring appellee to live off the interest from her investments would result in her assets declining in value over time while appellant's assets continue to grow. The testimony presented indicated that appellee planned on purchasing a $350,000 home in Upper Arlington, which over time will appreciate in value as will the marital residence awarded to appellant. Moreover, the trial court awarded appellee most of the liquid assets in the property division, leaving appellant with most of the non-liquid assets, the growth and appreciation of which is much more speculative and uncertain. Additionally, what is perhaps appellee's largest asset, the award of $622,817 as her half of the pension, will continue to compound and to grow significantly. Under R.C. 3105.18(C)(1)(d), the trial court must consider the retirement benefits of the parties in crafting a spousal support award. Dr. Burns estimated that appellee's share of the pension will generate a seven percent rate of return and have a value of $1,267,330 by the time appellee reaches the age of fifty-nine and a half, when she will be able to draw $8,957 per month. Accordingly, the record shows that appellee will have significant assets that will continue to appreciate.
Considering appellee's investment income, appellee actually has $2,439[1] more per month than the trial court originally considered reasonable and appropriate based upon a spousal support award of $10,000 per month. The trial court's justifications for not reducing appellee's spousal support award are erroneous. Consequently, we find that the trial court's finding that appellee will have $45,736.64 in investment income without factoring that income into her spousal support award by way of an appropriate reduction in the award is, therefore, an abuse of discretion. Accordingly, appellant's first, second and fourth assignments of error are sustained. Because we found an abuse of discretion on the part of the trial court, we need not address appellant's third assignment of error, that the trial court's decision was against the manifest weight of the evidence. App. R. 12(A)(1)(c).
In appellant's fifth assignment of error, he argues that the trial court erred and abused its discretion by failing to provide a fixed termination date for the spousal support award. We disagree.
Appellant raised this specific assignment of error in his prior appeal. Applying the factors of the Kunkle test (Kunkle,
paragraph one of the syllabus), we found that the parties' marriage was of a long duration and that appellee has little opportunity to develop meaningful employment outside the home. We held that the trial court did not abuse its discretion regarding the duration of the spousal support award. Therefore, the duration of the spousal support award has already been determined, and any further reconsideration is barred by the "law of the case" doctrine. As the Supreme Court of Ohio explained in Nolan v. Nolan (1984), 11 Ohio St.3d 1, 3, "the doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." Here, the trial court correctly followed this doctrine by not reexamining the duration of appellee's spousal support award. Consequently, appellant's fifth assignment of error is overruled.
In appellant's sixth assignment of error, he argues that the trial court erred and abused its discretion by failing to make findings of fact and conclusions of law pursuant to his timely request. We disagree.
The Ohio Supreme Court has held that a trial court has a mandatory duty under Civ.R. 52 to issue separate findings of fact and conclusions of law upon a timely request. In reAdoption of Gibson (1986), 23 Ohio St.3d 170, 173. However, when the trial court's decision provides an adequate basis for appellate review, the trial court's decision substantially complies with Civ.R. 52. Stone v. Davis (1981), 66 Ohio St.2d 74,84-85; Strah v. Lake Cty. Humane Soc. (1993), 90 Ohio App.3d 822,836; Kroeger v. Ryder (1993), 86 Ohio App.3d 438,442; Abney v. Western Res. Mut. Cas. Co. (1991), 76 Ohio App.3d 424,431.
Here, the trial court's decision provides an adequate basis for appellate review and, therefore, substantially complies with Civ.R. 52. Thus, the trial court did not abuse its discretion by overruling appellant's motion for findings of fact and conclusions of law. Appellant's sixth assignment of error is overruled.
For all of the above reasons, appellant's first, second, and fourth assignments of error are sustained. Appellant's fifth and sixth assignments of error are overruled, and appellant's third assignment of error is moot. The judgment of the trial court is reversed and this cause is remanded to the trial court to reduce appellee's spousal support award and to establish a reasonable and appropriate amount of spousal support in accordance with this opinion.
Judgment reversed and cause remanded with instructions.
LAZARUS, P.J., and BRYANT, J., concur.
[1] $45,737 investment income x 36% tax = $16,465 tax (rounded to the nearest whole number $45,737 — $16,465 = $29,272 net investment income / 12 months = $2,439 monthly net investment income.