IN RE ADOPTION OF GIBSON ET AL.

[Cite as In re Adoption of Gibson (1986), 23 Ohio St. 3d 170.]

(No. 84-1960—Decided April 30, 1986.)

*Arthur H. Thomas, Jr.,* and *Michael D. Allen,* for appellant.

*Michael K. Nunner,* for appellee Gregory R. Gibson.

*Bruce A. Campbell,* legal director, and *G. Michael Callahan,* urging reversal for *amicus curiae,* American Civil Liberties Union of Ohio Foundation, Inc.

*Per Curiam.* Our recent decision in *In re Adoption of Holcomb* (1985), 18 Ohio St. 3d 361, settled the issue certified to us. *Holcomb* also prescribes the standard of proof necessary to prevail in an adoption-without-consent case. This court stated at 368 that:

"* * * Because cases such as these may involve the termination of fun-

damental parental rights, the party petitioning for adoption has the burden of proving, *by clear and convincing evidence,* that the parent failed to communicate with the child during the requisite one-year period and that there was no justifiable cause for the failure of communication. * * * No burden is to be placed upon the non-consenting parent to prove that his failure to communicate was justifiable." (Emphasis *sic.*) Accord *Santosky* v. *Kramer* (1982), 455 U.S. 745, where the United States Supreme Court held that due process requires at least clear and convincing evidence in cases where termination of parental rights is involved.

Appellant also complains that the trial court failed to provide findings of fact and conclusions of law upon seasonable request, Civ. R. 52,[2] and that he was prejudiced as a result.

In *Werden* v. *Crawford* (1982), 70 Ohio St. 2d 122 [24 O.O.3d 196], this court discussed the nature of Civ. R. 52. The court at 124 stated: "The provisions of Civ. R. 52 are mandatory in any situation in which questions of fact are tried by the court without intervention of a jury." The court also commented: "The purpose of the rule is therefore clear: to aid the appellate court in reviewing the record and determining the validity of the basis of the trial court's judgment."

Although this issue has not often been considered by this court, the *Werden* view has been consistent. In *Cleveland Produce Co.* v. *Dennert* (1922), 104 Ohio St. 149, this court construed G.C. 11470, a predecessor to Civ. R. 52. In *Dennert,* we held in the syllabus:

"The provisions of Section 11470, General Code, confer a substantial right and are mandatory, and where questions of fact are tried by the court without the intervention of a jury, and one of the parties with a view of excepting to the court's decision upon questions of law involved in the trial requests a separate written statement of the conclusions of fact, * * * it is the duty of the court as a part of its judgment to make answer to all interrogatories involving the ultimate facts of the controversy, and to all involving probative facts from which the ultimate facts can be inferred as a matter of law, and its failure to do so is reversible error." Accord *Floyd* v. *Manufacturers Light & Heat Co.* (1924), 111 Ohio St. 57, 66; *Bauer* v. *Cleveland Ry. Co.* (1943), 141 Ohio St. 197, 201-202 [25 O.O. 297].

Likewise, in *St. Paul Fire & Marine Ins. Co.* v. *Battle* (1975), 44 Ohio App. 2d 261, 267 [73 O.O.2d 291], the court of appeals observed: "Findings of fact and conclusions of law are required because, among other reasons,

---

[2] The pertinent part of Civ. R. 52 reads:

"When questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing or orally in open court requests otherwise before the journal entry of a final order, judgment, or decree has been approved by the court in writing and filed with the clerk of the court for journalization, or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision, whichever is later, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law."

in cases tried without a jury, testimony is frequently admitted over the objection of opposing counsel and it is often impossible to know whether the testimony, if it was competent, was considered by the court in making its decision. Further, when a judgment is rendered in general terms a reviewing court is not sure whether the case was decided in reliance upon relevant and competent evidence or upon wrongfully admitted evidence, or upon the erroneous application of legal principles."

Given the fact that the trial court either failed or refused to issue factual findings and legal conclusions, appellant was hindered in prosecuting an effective appeal. He had no way of ascertaining precisely which testimony and what evidence the court relied upon to reach its judgment, and, consequently, he could not know whether the law was properly applied. In fact, it was not until the court of appeals issued its decision that appellant knew for sure that an improper burden was placed upon him "to prove that his failure to communicate [with and support his children] was justifiable." Until then, he could only make a guess.[3]

We hold that a trial court has a mandatory duty under Civ. R. 52 to issue findings of fact and conclusions of law upon request timely made.

Pursuant to our recent holding in *In re Adoption of Holcomb, supra,* and because of the failure of the trial court to issue the mandatory findings of fact and conclusions of law under Civ. R. 52, we reverse the judgment of the court of appeals and remand the cause to the trial court for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN and WRIGHT, JJ., concur.

DOUGLAS, J., dissents in part and concurs in part.

DOUGLAS, J. Today's decision contains two holdings. One, that the party petitioning for adoption has the burden of proving that the natural

---

[3] Appellee, to the contrary, asserts that the failure to provide findings of fact and law "is not prejudicial error where the court issued a detailed decision from the bench which is included in the transcript of proceedings." Appellee's argument appears to miss the point. This court has stated: "The oral announcement of a judgment or decree by the trial court binds no one. It is axiomatic that the court speaks from its journal. Any other holding would necessarily produce a chaotic condition." *Bittmann* v. *Bittmann* (1934), 129 Ohio St. 123, 127 [1 O.O. 435]. "A court of record speaks only through its journal and not by oral pronouncement or mere written minute or memorandum." *Schenley* v. *Kauth* (1953), 160 Ohio St. 109 [51 O.O. 30], paragraph one of the syllabus, quoted in *State, ex rel. Hanley,* v. *Roberts* (1985), 17 Ohio St. 3d 1, at 4. A commentary from the bench, leading up to pronouncement of a decision, is neither adequate to fulfill the requirements of Civ. R. 52, nor is it adequate to provide a disappointed party a solid basis on which to ground an appeal.

parent failed to communicate with or support his children, and that such failure was without justifiable cause. Two, that pursuant to Civ. R. 52, a trial court has a mandatory duty to make a journal entry containing findings of fact and conclusions of law if properly requested to do so.

I must respectfully dissent from the first holding for the reasons set forth in my dissent to *In re Adoption of Masa* (1986), 23 Ohio St. 3d 163, 168-170. The majority's requirement that the petitioner for adoption prove that the natural parent's failure to communicate or support was without justifiable cause is unworkable. In many cases, the evidence needed to prove lack of justifiable cause will be within the sole custody and control of the natural parent, and the petitioner will have no means of obtaining it. For example, how will the petitioner prove lack of justifiable cause when the natural parent abandons his children and then disappears without a trace? The answer is that, in most of these cases, the petitioner will not be able to prove lack of justifiable cause. Thus, the petition for adoption will fail, not on its merits, but because the majority has required the petitioner to prove facts he has no means of obtaining.

I concur in the majority's second holding since it is mandated by Civ. R. 52. However, I believe Ohio should consider adopting some version of Fed. R. Civ. P. 52, which allows the trial judge to make findings of fact and conclusions of law orally, providing they are made and recorded in open court.

The purposes behind the Ohio Civ. R. 52 requirement that the trial court make findings of fact and conclusions of law are threefold. One, it aids the appellate court by providing a better understanding of the basis of the trial court's decision. Two, it clarifies precisely what is being decided, facilitating the application of *res judicata* and estoppel principles in subsequent cases. Three, it evokes care on the part of the trial court in ascertaining the facts and the law. Cf. Friedenthal, Kane & Miller, Civil Procedure (1985) 536-537, Section 12.2 (dealing with Fed. R. Civ. P. 52).

I believe that these three purposes would be fully served by oral findings of facts and conclusions of law, provided they were made and simultaneously recorded in open court. In addition, my suggested amendment of Civ. R. 52 will lighten the burden on trial courts, reduce the amount of superfluous paper in court records and assist litigants in obtaining more timely decisions.