## Lehman v. Lehman
*[Cite as 2 AOA 687]*

*Case No. CA89-09-014
Brown County, (12th)
Decided April 9, 1990*

*R.C. 3109.04*

*Cassity, Kelly & Wallace, Michael E. Cassity, 107 East Main Street, Mt. Orab, Ohio 45154, for plaintiff-appellee.*

*Mason, Mason & Ellis, Mark J. Ellis, 110 South Sandusky Avenue, P. O. Box 6, Upper Sandusky, Ohio 43351, for defendant-appellant.*

YOUNG, P.J.

Plaintiff-appellee, Kay Lehman, and defendant-appellant, David Lehman, were divorced on November 22, 1988. Incorporated into the decree was a separation agreement which provided, *inter alia*, that appellant was to have custody of the parties' minor child, Casey D. Lehman, born November 5, 1980. On

February 17, 1989, appellee filed a motion for change of custody. Following a hearing, the trial court granted appellee's motion and transferred custody to her. The court thereafter denied appellant's motions for a new trial and for a stay. Appellant then perfected the instant appeal and set forth two assignments of error as follows:

ASSIGNMENT OF ERROR NO. 1:

"The trial court erred to the prejudice of Defendant-Appellant in granting Plaintiff-Appellee's Motion to Change Custody."

ASSIGNMENT OF ERROR NO. 2:

"The trial court erred to the prejudice of Defendant-Appellant in overruling his Motion for New Trial."

Appellant first argues that the trial court erred in granting appellee's motion for a change of custody. It is well established that the trial court has broad discretion in custody matters. *Trickey* v. *Trickey* (1952), 158 Ohio St. 9, 13. The trial court's discretion, however, is not absolute. *Miller* v. *Miller* (1988), 37 Ohio St. 3d 71, 74. In proceedings for the modification of a prior custody order, the court's discretion is limited by R.C. 3109.04(B) (1), which provides:

"(B) (1) Except as provided in division (B) (2) of this section, the court shall not modify a prior custody decree unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, his custodian, or either joint custodian, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the custodian or both of the joint custodians designated by the prior decree, unless one of the following applies:

"(a) The custodian or both joint custodians agree to a change in custody.

"(b) The child, with the consent of the custodian or of both joint custodians, has been integrated into the family of the person seeking custody.

"(c) The child's present environment endangers significantly his physical health or his mental, moral, or emotional development and the harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child."

Under this section, the court cannot order a change of custody unless it finds the factors in R.C. 3109.04(B) (1) (a), (b), or (c) to be present. *Pryer* v. *Pryer* (1984), 20 Ohio Ap. 3d 170. In the instant case, appellant did not agree to a change

in custody and Casey had not been integrated into the family of appellee. Therefore, to effect a change in custody it was incumbent upon the trial court to find, pursuant to R.C. 3109.04(B) (1) (c), that Casey was endangered significantly by his present environment and that the advantages of a change of environment outweighed the harm likely to be caused thereby.

The trial court concluded that the best interests of the minor child, Casey, would be served by awarding custody to appellee based upon the following findings of fact:

"(1) That Defendant's work schedule does not allow as much free time with the minor child as does Plaintiff's work schedule.

"(2) That the minor child spends considerable time with the Defendant's parents and in addition spends many overnights with the Defendant's parents. This would not be the case with the Plaintiff.

"(3) That Defendant has a live in girlfriend who spends every weekend with the Defendant. During these periods the minor child spends much of this time with the Defendant's parents and not with his father.

"(4) The Court finds from the evidence that the Plaintiff's housekeeping and parenting skills are better than those of the Defendant.

"(5) The Court personally interviewed the minor child, Casey, and from that interview although the minor child loves both of his parents, he expressed to this Court a desire to live with his mother."

The purpose of separate findings of fact and conclusions of law under Civ. R. 52 is to aid an appellate court in determining the validity of the basis of the trial court's judgment. *In re Adoption of Gibson* (1986), 23 Ohio St. 3d 170, 172. Thus, where a party requests findings of fact and conclusions of law, the trial court has the duty of issuing findings regarding all of the ultimate facts which are determinative of the case. *Id.; Freeman* v. *Westland Builders, Inc.* (1981), 2 Ohio App. 3d 212, 214. In the present case, the trial court's findings of fact do not address the determinative issue of endangerment or indicate that the court balanced the benefits and harm of a change of environment. At best the court's findings support a conclusion that appellee could provide a better environment than appellant. This is not the test, however, under R.C. 3109.04(B) (1) (c). *Wyss* v. *Wyss* (1982), 3 Ohio App. 3d 412. Accordingly, we find that the trial court's findings of fact were insufficient to justify a

modification of the prior custody order. Appellant's first assignment of error is sustained.

In his second assignment of error, appellant asserts that the trial court erred in failing to grant a new trial. In light of our ruling on the first assignment of error, this argument has merit. Though we are loathe to reverse a trial court in a custody case because of the court's better knowledge of the entire case and the significant impact of such a decision on the lives of the parties concerned, we would be remiss in our duty if we did not act to prevent a misapplication of Ohio law. *Whaley* v. *Whaley* (1978), 61 Ohio App. 2d 111, 120. Therefore, we reluctantly find that appellant is entitled to a new trial on the issue of custody modification. The second assignment of error is sustained.

*Judgment reversed*
*and cause remanded.*

HENDRICKSON, J., Concurs
KOEHLER, J., Dissents.

KOEHLER, J., Dissenting:
The parties hereto entered into a separation agreement which was approved by the court and made a part of the decree of divorce. The initial custodial order was made without the court hearing the testimony of either or both parties as contemplated by R.C. 3109.04(A).

There is nothing in the record to indicate that the original award of custody was made by the court after determining the child's best interest and after considering all the relevant factors set forth in R.C. 3109.04(C).

One would presume that parents would reach a custodial agreement which would be to their child's best interest, but such presumption should not deprive the child or the parties from having a judicial finding of the child's best interest in the first instance.

While I do not take issue with the majority's rendition of the law regarding change of custody subsequent to a judicial determination, I must dissent in its adoption of the standard for a change of custody as set forth in R.C. 3901.04(B) when the facts indicate an initial judicial custody determination did not occur.

The majority relies upon *Pryer, supra*. As in this cause, the *Pryer* court failed to address the provisions of R.C. 3901.04(A) in its consideration.

The polestar of any custody matter is the best interest of the child be it an original award of custody or a modification of the original custody award. Here, the trial court concluded that the child's best interest would be served by a change of custody. This decision was reached after hearing the testimony of both parties for the first time.

To require a finding a endangerment to make such a change would place the court in a position of concluding that parties' agreement of custody may not be in the child's best interest but it is not so bad as to allow a change of the custodian. Accordingly, I dissent.