Defendant-appellant, James R. Mason, appeals from a judgment entry decree of divorce entered by the Union County Court of Common Pleas. In addition, plaintiff-appellee, Kristine K. Mason, cross-appeals.
In November 1991, the parties were married. On July 25, 1997, Kristine filed a complaint for a divorce. James filed an answer and counterclaim. The trial was conducted November 14, November 21, and December 11, 1997. At the conclusion of the trial, the court orally announced its decision granting the parties a divorce and providing for the division of property and spousal support. When the court asked for counsel to prepare an entry, James' counsel offered to prepare it.
In the meantime, James filed a request for findings of fact and conclusions of law pursuant to Civ.R. 52. This motion was ultimately overruled by the trial court. Thereafter, on April 11, 1998, the decree of divorce which James' counsel had submitted to the court was filed. From that final decree, James now appeals and sets forth the following five assignments of error for review by this court:
 It was error and an abuse of discretion for the trial court to overrule defendant's request for findings of fact and conclusions of law pursuant to Civ.R. 52.
 The trial court erred and abused its discretion with regard to the spousal support award in that there were either incomplete or no specific findings of fact as required by Ohio Revised Code Section 3105.18.
 The trial court erred and abused its discretion by awarding separate corporate assets to plaintiff as same did not constitute marital property.
 The trial court abused its discretion by awarding assets without any regard to the liability associated with same.
 It was an abuse of discretion for the trial court to award defendant's separate property to plaintiff especially when said award was made without being accompanied by written findings of fact in support of same.
Kristine likewise raises five cross-assignments of error as follows:
 The trial court erred in adopting and filing appellant's entry, submitted in violation of local rule, which is incomplete, inconsistent, and incomprehensible.
 The trial court erred, to the prejudice of Mrs. Mason, in failing to award Mrs. Mason her non-marital property.
 The trial court erred in failing to properly set forth the non-marital and marital property awarded to Mr. Mason.
 The trial court erred in failing to set off to Mrs. Mason one-half the alleged rental payments, including the prepaid rent.
 The trial court erred in not awarding to Mrs. Mason the $27,692 in non-marital assets she invested in the home.
As James' first assignment of error addresses the determinative issue of the appeal, we will address this issue first. In his first assignment of error, James contends that the trial court abused its discretion and erred as a matter of law when it overruled his motion for findings of fact and conclusions of law. In support, James argues that the trial courts' written decision does not set forth findings of fact sufficient to satisfy the statutory requirements regarding the division of property and the spousal support award.
Upon James' request for findings of fact and conclusions of law pursuant to Civ.R. 52, the trial court ordered the parties to submit proposed findings and conclusions on or before January 6, 1998. James sought an extension due to the complexity of the case, which would require review of the transcript requested from the court reporter. An agreed entry filed January 7, 1998 by the trial court provided in pertinent part: "[T]he Court extends to the 16th day of February, 1998, the time for the parties to submit proposed findings of fact and conclusions of law." On February 13, 1998, Kristine's counsel filed a motion for an extension of time within which to file his proposed findings and conclusions because he did not receive the complete transcript from the court reporter until such date. On February 17, 1998, James filed "Incomplete Proposed Findings of Fact and Conclusions of Law" and a motion for additional time. His motion was based on the same reason as Kristine's counsel. On that same day, Kristine submitted her proposed findings and conclusions. Thereafter, on February 18, 1998, the trial court entered its judgment entry overruling James' Civ.R. 52 motion, stating that the parties had failed to follow Loc.R. 12.04[1] within the time prescribed and had failed to file proposed findings to date. The trial court did not rule on either of the motions for an extension.
Civ.R. 52 provides in pertinent part that:1
 When questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing requests otherwise before the entry of judgment pursuant to Civ.R. 58, or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision, whichever is later, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law.
 When a request for findings of fact and conclusions of law is made, the court, in its discretion, may require any or all of the parties to submit proposed findings of fact and conclusions of law; however, only those findings of fact and conclusions of law made by the court shall form part of the record.
In interpreting Civ.R. 52, the Ohio Supreme Court has held that a trial court has a mandatory duty under this rule to issue findings of fact and conclusions of law upon a timely request. State ex rel. Papp v. James (1994), 69 Ohio St.3d 373,377. The purpose behind separately stating findings of fact and conclusions of law is to aid an appellate court in reviewing the record and determining the validity of the basis of the trial court's judgment. In re Adoption of Gibson (1986),23 Ohio St.3d 170, 172. However, it has been held that where the requesting party has failed to prepare proposed findings and conclusions when directed to do so, that party waives his right to have findings and conclusions entered by the trial court in accordance with Civ.R. 52. See Moro v. Morro (1990), 68 Ohio App.3d 630,633; Samuelson v. Samuelson (Apr. 13, 1994), Summit App. No. 16398, unreported.
As stated earlier, the trial court in this case overruled James' motion for findings of fact and conclusions of law, stating that "the parties having failed to follow Local Rule 12.04 within the time prescribed, and having failed to file proposed findings to date." We note that James did file proposed findings of fact and conclusions of law, albeit the next day after a legal holiday, but prior to the trial court's denial of his request.[2] While his proposed findings and conclusions were, however, incomplete, it nonetheless appears James attempted to comply with the trial court's order in submitting his findings and conclusions. In addition, Kristine's counsel submitted his proposed findings and conclusions on that same day. Accordingly, the trial court's ruling on this issue appears to be mistaken as to the record in this case.
It is also important to note that this case does involve a number of complicated factual issues, such as piercing the corporate veil and commingling of separate property with other property. At the time of the court's ruling, both motions for an extension of time were outstanding, but neither motion was ruled on. It certainly was not unreasonable to require a transcript to prepare proposed findings and conclusions in this case.
We would also point out that the Ohio Supreme Court has directed that " '[a] commentary from the bench, leading up to pronouncement of a decision, is neither adequate to fulfill the requirements of Civ.R. 52, nor is it adequate to provide a disappointed party a solid basis on which to ground an appeal.' " State ex rel. Papp, supra, at 379, quoting In re Adoption ofGibson, supra, at 173, fn.3. In the instant case, upon reviewing the trial court's April 11, 1998 divorce decree and the record before us, we find that there exists oral findings made at the time of the bench ruling which do not appear in the trial court's written decision. Noticeably absent from the trial court's entry are its findings of fact that support piercing J.R. Mason, Inc.'s corporate veil and treating certain assets as being owned by James for purposes of dividing the marital property.
Moreover, we note further that the other assigned errors presented in both the appeal and cross-appeal also challenge the trial court's lack of factual findings. In particular, James contends that the trial court (1) erred in failing to properly specify the basis for its spousal support award; (2) erred in awarding separate property without making written findings of fact; (3) erred in not entering written findings of fact pursuant to R.C. 3105.171(G) supporting its decision to assess all liability on the property to James. Kristine asserts the trial court's failure to make written findings denying her the entirety of the spousal support she received from a prior marriage as separate property.
Under these circumstances, we believe it is appropriate to summarize the trial court's obligations. First, R.C. 3105.18
provides that a trial court must consider all the factors listed in section (C)(1) when determining whether spousal support would be appropriate and reasonable. The court must then "indicate the basis for its award in sufficient detail to enable a reviewing court to determine that the award is fair, equitable and in accordance with the law." Kaechele v. Kaechele
(1988), 35 Ohio St.3d 93, 97. In dividing property in a divorce proceeding, R.C. 3105.171(B) and (D) require the trial court to classify assets as marital property or separate property.Landry v. Landry (1995), 105 Ohio App.3d 289, 291. Separate property maintains its identity as such when commingled with other property so long as the separate property is traceable. R.C. 3105.171(A)(6)(b). Furthermore, when making a division of marital property, the court must consider all the factors set forth in R.C. 3105.171(F). Among the factors the court is required to consider are the assets and liabilities of the spouses. R.C. 3105.171(F)(2). R.C. 3105.171(G) requires written findings of fact in orders for division of property that support the determination that the marital property has been equitably divided.
In light of the foregoing, we find that the record is insufficient to permit this court to conduct the required review. Rather than second-guessing the trial court's decision, we sustain James' first assignment of error so that the trial court may set forth sufficient factual findings and conclusions of law to satisfy the requirements of Civ.R. 52 and the statutory requirements. Accordingly, James' first assignment of error is sustained. His other assignments of error are thereby rendered moot.
Having already found a remand necessary in this case, we also proceed to address Kristine's arguments raised by her first, second and third cross-assignments of error that referenced exhibits were either not attached to the judgment entry decree of divorce or were irreconcilable with the trial court's oral pronouncement. Without engaging in a ruling as to these exhibits, it appears that all exhibits referenced have not been included in the record. First, we note that the divorce decree filed states that Kristine shall retain her non-marital property as set forth on attached "Exhibit A." However, no such exhibit was attached nor can such an exhibit be found in the record. Also, as to the actual exhibits attached to the court's entry, "Exhibit B" does not conform with the trial court's oral pronouncement nor is it even an exhibit admitted at the trial herein. Therefore, we direct the trial court to reconsider all referenced exhibits on remand and to this limited extent, we sustain Kristine's first, second and third cross-assignments of error. Her other cross-assignments of error are rendered moot.
In sum, the judgment decree of divorce is reversed and the cause remanded to the trial court for further proceedings in accordance with law and consistent with this opinion.
Judgment reversed and cause remanded.
BRYANT, P.J., and HADLEY, J., concur.
[1] Loc.R. 12.04 provides that counsel shall "within 14 days after the filing of the request, submit their proposed findings." That rule further states that "[f]ailure to so file proposed findings within the time allotted by the party making the request shall be deemed to be a waiver of the request."
[2] In his brief, James raised Civ.R. 6(A) which provides in pertinent part:
When a public office in which an act, required by law, rule, or order of court, is to be performed is closed to the public for the entire day which constitutes the last day for doing such an act, or before its usual closing time on such day, then such act may be performed on the next succeeding day which is not a Saturday, a Sunday, or a legal holiday.