DECISION AND JUDGMENT ENTRY
Derrick Chris Howard appeals his conviction for escape, a violation of R.C. 2921.34. The grand jury indicted Howard for breaking detention "knowing that he was under detention for two counts of Aggravated Robbery." He asserts that there was insufficient evidence to prove that he was in detention for aggravated robbery because the clerk of court journalized the entry convicting him of aggravated robbery after he escaped. We disagree because the statutory definition of detention includes confinement in any public facility of persons charged with or convicted of a crime. Howard's videotaped statements to the police are sufficient, if believed, to prove beyond a reasonable doubt that he knew he was under detention for the aggravated robberies. Accordingly, we affirm the judgment of the trial court.
 I.
On Friday, November 20, 1998, Howard pled guilty to two counts of aggravated robbery. The trial court immediately pronounced sentence. However, the judgment entry of conviction and sentence was not filed with the clerk of court on Friday.
On Monday, November 23, 1998, Deputy Cheadle noticed that a fire door in the Scioto County Jail was open. The door had apparently been pried open with a tool and then tied open with a bed sheet from the jail. Cheadle immediately conducted a head count of the inmates and found that two inmates were missing, including Howard. Later that evening, officers of the Portsmouth Police Department arrested Howard at his sister's house.
The grand jury indicted Howard for escape. Howard pled not guilty and the case proceeded to a jury trial. At the trial, Captain John Murphy and Cheadle testified that Howard was an inmate at the Scioto County Jail. The state played a videotape of Sergeant David Hall questioning Howard. In that videotape, Howard indicated that he was upset that the prosecutor hadn't dropped one of the aggravated burglary charges in exchange for Howard pleading guilty. Howard also stated that the court had given him a five year sentence for the aggravated robberies. Howard then went on to describe exactly how he and the other inmate had left the jail through the fire door. The jury found Howard guilty of escape and the trial court sentenced him to a term of eight years.
Howard appeals his conviction, asserting the following assignment of error for our review:
 I. THE TRIAL COURT ERRED AS A MATTER OF LAW/ABUSE OF DISCRETION BY OVERRULING DEFENDANT/APPELLANT'S CRIM.R. 29 MOTION FOR ACQUITTAL AT THE CLOSE OF THE STATE'S CASE.
 II.
In his only assignment of error, Howard argues that his conviction is not supported by sufficient evidence.
When we review the sufficiency of the evidence, we must examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. State v. Jenks
(1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
R.C. 2921.34 provides in part:
 (A)(1) No person, knowing the person is under detention being reckless in that regard, shall purposely break or attempt to break the detention, or purposely fail to return to detention, either following temporary leave granted for a specific purpose or limited period, or at the time required when serving a sentence in intermittent confinement.
R.C. 2921.01 (E)'s definition of detention includes "confinement in any public or private facility for custody of persons charged with or convicted of crime in this state * * *."
The testimony of Murphy and Cheadle along with Howard's assertions in the videotape is sufficient evidence, if believed, to prove that Howard knew that he was being held in a public facility for custody of persons charged with or convicted of crime in Ohio, and purposely broke the detention. Howard's statements indicate that he was in the Scioto County Jail and that he knew he had been charged with and convicted of aggravated robbery.
While Howard is correct that a judgment is effective only when entered on the journal by the clerk, see Crim.R. 32 (B), and that a court speaks only through its journal, In re Adoption of Gibson
(1986), 23 Ohio St.3d 170, 173, fn. 3; Schenley v. Kauth (1953),160 Ohio St. 109, paragraph one of the syllabus, the state was not required to prove that Howard had been convicted of the aggravated robbery charge because the definition of detention includes confinement of persons charged with a crime. R.C.2921.01 (E).
We find that Howard's conviction is supported by sufficient evidence and overrule his only assignment of error. Accordingly, we affirm the judgment of the trial court.
JUDGMENT AFFIRMED
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Evans, J. and Harsha, J., Concur in Judgment and Opinion.
For the Court
 BY: __________________________ Roger L. Kline, Presiding Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.