OPINION
Appellant Thomas W. Hewitt appeals the decision of Stark County Court of Common Pleas, Domestic Relations Division, following a ruling on a post-decree motion filed by Appellee Chong I. Hewitt. The relevant facts leading to this appeal are as follows. Appellant and appellee were married on September 25, 1986. A judgment entry granting divorce was filed in Stark County on October 21, 1998. The separation agreement incorporated therein granted appellant custody of the parties' children and directed appellant to pay spousal support in the amount of $300 per month for forty-two months. In addition, retirement benefits were addressed as follows:
ARTICLE EIGHT: PENSION
Husband is employed by Canton Township where he has vested rights in a qualified retirement plan/pension. The pension shall be divided pursuant to a Qualified Domestic Relations Order whereby Wife shall receive one-half the marital portion of Husband's retirement. The Parties will split any cost of the pension evaluation, if needed, the preparation and the cost of filing the Qualified Domestic Relations. Husband. (Sic) Husband agrees to co-operate in providing information and signing the documents necessary for the wife to prepare and file the Qualified Domestic Relations Order.
On September 3, 1999, appellee filed a motion captioned as "Motion for Enforcement of Pension Rights." The matter was heard before a magistrate. In a magistrate's decision dated November 11, 1999 (file-stamped on November 18, 1999), the magistrate directed that appellant would pay to appellee "a sum equal to 80 percent of the value of the marital portion of the husband's PERS pension to be paid in equal yearly or monthly increments," within a four-year deadline. The magistrate also declined to allow any "hypothetical" Social Security offset as an alternate valuation, as requested by appellant. However, on Nov. 23, 1999 the magistrate issued a nunc pro tunc decision which read in part as follows: Therefore, it is ORDERED Nunc Pro Tunc that the Husband shall pay directly to the Wife 80% of her half (50%) of the marital portion of the Husband (sic) PERS retirement amount, which amount is payable under the terms of the 11-18-99 entry.
Appellant objected to both magistrate's decisions, and unsuccessfully requested findings of fact and conclusions of law. On January 3, 2000, the trial court judge heard the objection and issued a hand-written entry reading as follows: "Objection: overruled. Pension was evaluated. Court adopts Magistrate * * * decision." Said entry was filed on January 10, 2000. Appellant filed his notice of appeal on February 7, 2000. He herein raises the following three Assignments of Error:
 I. THE TRIAL COURT ABUSED ITS DISCRETION IN RETAINING JURISDICTION OVER AND MODIFYING THE DIVORCE DECREE AS IT RELATES TO THE DIVISION OF THE APPELLANT'S PERS ACCOUNT.
 II. THE TRIAL COURT ERRED IN ITS FAILURE TO MAKE A WRITTEN FINDING OF FACT THAT SUPPORT (SIC) THE DETERMINATION THAT THE MARITAL PROPERTY HAS BEEN EQUITABLY DIVIDED AND FAILING TO SPECIFY THE DATES IT USED IN DETERMINING THE MEANING OF "DURING THE MARRIAGE."
 III. THE TRIAL COURT ERRED IN FAILING TO OFFSET BOTH PARTIES (SIC) POTENTIAL SOCIAL SECURITY BENEFITS AGAINST APPELLANT'S PERS ACCOUNT AND EQUITABLY APPORTIONING THE PERS ACCOUNT BETWEEN THE PARTIES.
 I.
In his first Assignment of Error, appellant argues that the trial court abused its discretion in retaining jurisdiction over and modifying the terms of the division of the retirement account. We agree in principle that R.C. 3105.171(I) prohibits post-decree modification of property division awards. However, from the record before us, we are unable to ascertain whether the court's action was in actuality a modification of prior terms of the decree, or rather, as urged by appellee, merely a permissible clarification or enforcement of said terms. See, e.g., Weller v. Weller (1996),115 Ohio App.3d 173. As noted previously, the trial court never filed any findings of fact and conclusions of law pursuant to appellant's request of November 17, 1999. It is a trial court's mandatory duty under Civ.R. 52 to issue findings of fact and conclusions of law upon a timely request. In re Adoption of Gibson (1986), 23 Ohio St.3d 170, 173; Filyo v. Cannon (Dec. 21, 1995), Perry App. No. 95 CA 1, unreported, at 5. Therefore, this matter must be remanded as to this Assignment of Error so the trial court can issue its findings of fact and conclusions of law. Appellant's First Assignment of Error is sustained.
 II.
In his Second Assignment of Error, appellant contends the trial court erred by failing to make findings to support the determination that the marital property has been equitably divided. We disagree. R.C. 3105.171(G) reads as follows: (G) In any order for the division or disbursement of property or a distributive award made pursuant to this section, the court shall make written findings of fact that support the determination that the marital property has been equitably divided and shall specify the dates it used in determining the meaning of "during the marriage."
The event ultimately leading to this appeal was appellee's motion to enforce the pension division in the decree of divorce. The actual order dividing the pension, however murky, took place in the divorce itself. Thus, any challenges on the basic equitable division issue, including any alleged noncompliance with R.C.3105.171(G), should have been raised by appellant at the time of the decree, not during an appeal of the court's ruling on appellee's aforesaid post-decree motion. Appellant's Second Assignment of Error is overruled.
 III.
In his Third Assignment of Error, appellant contends that the trial court erred in failing to offset potential and/or hypothetical social security benefits from the pension in reaching its decision. We disagree. Although this Court has recently dealt with this compelling issue (see Bourjaily v. Bourjaily (July 3, 2000), Licking App. No. 99 CA 120, unreported; Back v. Back (Dec. 29, 1999), Richland App. No. 99 CA 46, unreported), we find no error in the trial court's refusal to consider any social security offset. Article Eight of the parties' separation agreement simply makes no reference to such an offset consideration, and appellant's attempt to essentially add a new provision to the pension division was clearly untimely. Ironically, despite appellant's earlier protestations against any retention of jurisdiction by the trial court as it relates to pension division, he now calls for a remand "* * * to calculate an equitable division of property." Appellant's Brief at 6. We find no merit in appellant's position. Appellant's Third Assignment of Error is overruled. For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Domestic Relations Division, Stark County, Ohio, is hereby affirmed in part and reversed in part. This matter is remanded to the trial court for the issuance of findings of fact and conclusions of law pursuant to Civ.R. 52 and further proceedings consistent with this opinion.
By: WISE, J. GWIN, P.J., concurs. FARMER, J., concurs separately.