{¶ 32} I respectfully dissent from the majority's analysis and disposition of appellant's assignments of error for the following reasons.
 {¶ 33} After the bench trial in the case sub judice, the trial court, on June 30, 2004, issued a Judgment Entry granting judgment in favor of appellee and against appellants. Appellants then filed two separate motions for findings of fact and conclusions of law pursuant to Civ.R. 52 that were denied by the trial court.
 {¶ 34} Civ.R. 52 provides:
 {¶ 35} "When questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing requests otherwise before the entry of judgment pursuant to Civ.R. 58, or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision, whichever is later, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law."
 {¶ 36} The provisions of Civ.R. 52 are mandatory in any situation in which questions of fact are tried by the court without intervention of a jury. In re Adoption of Gibson (1986), 23 Ohio St.3d 170, 172,492 N.E.2d 146, citing Werden v. Crawford (1982), 70 Ohio St.2d 122,435 N.E.2d 424. Separate conclusions of law and facts enable a reviewing court to determine the existence of assigned error. Orlow v. Vilas
(1971), 28 Ohio App.2d 57, 59, 274 N.E.2d 783. "Generally, . . . the findings and conclusions must articulate an adequate basis upon which a party can mount a challenge to, and the appellate court can make a determination as to the propriety of, resolved disputed issues of fact and the trial court's application of the law." Kroeger v. Ryder (1993),86 Ohio App.3d 438, 442, 621 N.E.2d 534. As noted by the court inGibson, supra., "[f]indings of fact and conclusions of law are required because . . . when a judgment is rendered in general terms a reviewing court is not sure whether the case was decided . . . upon the erroneous application of legal principles." Id. at 172-173.
 {¶ 37} Appellee, in its amended complaint, alleged breach of contract, breach of guaranty, fraud, intentional interference with contract, and fraudulent transfer of assets. Appellee's amended complaint contained a total of ten counts against six different parties and requested compensatory and punitive damages as well as attorney's fees. In addition, appellee, in its amended complaint, sought to pierce the corporate veil with respect to appellants MPK, Move It Now, and Heil Windermere.
 {¶ 38} The trial court, in its June 3, 2004, Judgment Entry, found that appellants had breached their legal duty and "were involved in a concerted effort to deprive the broker of the earned brokerage commission." However, without more detailed findings of fact and conclusions of law, it is unclear what the trial court meant by "concerted activity" and it is unclear whether the trial court dealt with all of the counts in appellee's amended complaint. In short, I believe that the trial court's Judgment Entry does not provide this Court with an adequate basis upon which to decide the assignments of error. I find that neither the trial court's cursory findings of fact nor its conclusions of law provide this Court with an adequate basis upon which to decide the numerous issues presented.
 {¶ 39} Based on the foregoing, I would vacate the trial court's judgment and remand the matter for the trial court to prepare detailed findings of facts and conclusions of law and then re-enter judgment in accordance therewith.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed. Costs to appellants.