DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from the August 24, 2005 judgment of the Lucas County Court of Common Pleas, Probate Division, which found that the consent of Amanda W. and Nicole W.'s natural father, appellant Gary K., was not required in the adoption proceedings initiated by the children's stepfather, appellee, Timothy M.W.
 {¶ 2} On March 4, 1997, appellant and Dawn W. were divorced in the Franklin County Court of Common Pleas, Domestic Relations Division. They had four children during the marriage: two boys, Tobin and Zachary, and two girls, Amanda and Nicole. Dawn W. was granted custody of the two girls and appellant was granted custody of the two boys. Pursuant to the divorce decree, appellant was ordered to pay child support to Dawn W. and both parties were granted "liberal companionship and visitation" with the children not in their custody.
 {¶ 3} On August 29, 2003, Dawn W. filed a motion to modify parental rights and responsibilities. On September 22, 2003, Dawn W. was granted custody of all four children. It was also ordered that appellant "shall not have parenting time with the minor children of the parties until the criminal charges now pending against him are resolved, and then upon his motion."
 {¶ 4} On March 2, 2004, appellant filed a motion to modify parental rights and responsibilities which included a request to award him "parenting time" with the two girls. On November 30, 2004, custody of the two boys was returned to appellant by the Franklin County Domestic Relations Court. Apparently, the portion of the motion relative to appellant's request for "parenting time" with the two girls is still pending.
 {¶ 5} On September 30, 2004, appellee Timothy M.W., Dawn W.'s current spouse and the four children's stepfather, filed the instant petitions for adoption of the girls. In the petitions, appellee asserted that pursuant to R.C. 3107.07(A), appellant's consent to the adoptions was not required because appellant had failed without justifiable cause to either communicate with the girls or provide for the maintenance and support of the girls as required by law or judicial decree for a period of at least one year immediately preceding the filing of the adoption petitions.
 {¶ 6} On April 18, 2005, a hearing was held to determine whether appellant had waived his right to withhold consent to the adoptions. Appellant, appellee, and Dawn W. testified.
 {¶ 7} On August 24, 2005, the trial court found that the consent of appellant was not required in the adoption proceedings, finding by clear and convincing evidence that appellant failed to communicate with the girls and failed to support them for the one year period prior to the filing of the petition. The trial court further found that these failures were without justification.
 {¶ 8} Appellant now raises the following assignments of error:
 {¶ 9} "I. The trial court erred in finding that petitioner proved, by clear and convincing evidence, that the birth father, Gary K., failed to communicate with the children for one year prior to the filing of petition for adoption without justifiable cause.
 {¶ 10} "II. The trial court erred in finding that petitioner proved, by clear and convincing evidence, that the birth father, Gary K., failed to support the children for one year prior to the filing of petition for adoption without justifiable cause."
 {¶ 11} Pursuant to R.C. 3107.07(A), a natural father's consent to the adoption of his natural child is not necessary where:
 {¶ 12} "[T]he parent had failed without justifiable cause to communicate with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner."
 {¶ 13} "In determining the necessity of consent under R.C.3107.07(A), the standard the trial court must employ is whether the petitioners showed, by clear and convincing evidence, that the natural parent has failed to either support the child or communicate with the child for a period of one year without justifiable cause. In re Adoption of Masa (1986),23 Ohio St.3d 163, paragraph one of the syllabus (failure to support); In reAdoption of Gibson (1986), 23 Ohio St.3d 170, 171-172, citingIn re Adoption of Holcomb (1985), 18 Ohio St.3d 361 (failure to communicate)" In re Adoption of Sprunk (Jan. 27, 1989), 6th Dist. No. L-88-087. "Clear and convincing evidence is that amount of proof, `* * * which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.' Cross v. Ledford (1954), 161 Ohio St. 469,120 N.E.2d 118, paragraph three of the syllabus." In re Adoption ofChristopher W. (Sept. 18. 1998), 6th Dist. No. H-98-013. A determination made under the standards set forth in R.C.3107.07(A) can be disturbed on appeal only if said determination is against the manifest weight of the evidence. Sprunk and Inre Adoption of Zachary Steven S., 6th Dist. No. L-03-1056, 2003-Ohio-3981 at ¶ 16, citing In re Adoption of Masa (1986),23 Ohio St.3d 163, paragraph two of the syllabus. Judgments supported by competent, credible evidence going to the material elements of the case will not be disturbed as being against the manifest weight of the evidence. Shemo v. Mayfield Hts.,88 Ohio St.3d 7, 2000-Ohio-258. In addition, this court will not reverse on appeal a trial court's determination of credibility.In re Adoption of Zachary H. (Mar. 7, 1997), 6th Dist. No. WM-96-013, citing Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 80. Accordingly, if we assume that credibility was the basis of the probate court's ruling, we must find that the ruling of the probate court was not in error. Id.
 {¶ 14} Regarding appellant's assignments of error, appellant does not dispute that he failed to communicate with and provide for maintenance and support of the minor children at issue. However, appellant contends that appellee fell well short of meeting his burden of proof by clear and convincing evidence that these failures were without justifiable cause.
 {¶ 15} Regarding the first assignment of error and justifiable cause for failure to communicate, appellant asserts that Dawn W., the custodial parent significantly interfered with his communication with the girls. In support, appellant points to his testimony that the letters and cards he attempted to send to the girls were returned to him ripped up. Significant interference by a custodial parent with the non-custodial parent's communication with the child or significant discouragement of such communication is sufficient to establish justifiable cause for a non-custodial parent's failure to communicate. In re Adoption of Christopher W. (Sept. 18, 1998), 6th Dist. No. H-980-13, citing Holcomb at paragraph three of the syllabus. However, both Dawn W. and appellee testified that there were no cards or letters addressed to the girls from appellant during the relevant time period of September 30, 2003 to September 30, 2004. Both also testified that there were no other attempts by appellant to communicate with the girls during the subject period.
 {¶ 16} Regarding appellant's second assignment of error, appellant testified that he has a medical condition that causes him to be unable to work. In support, appellant submitted a copy of a January 23, 2002, letter from a medical doctor that states that appellant is unable to work "at this time" due to a diagnosis of cervical dystonia. Appellant testified that since this diagnosis his condition has worsened. Appellant also testified that he has applied for social security disability benefits three or four years ago, but no final determination has been made. Appellant testified that his wife receives social security disability benefits, their church pays a portion of their rent, and they receive food stamps.
 {¶ 17} Appellant testified that at the time period at issue, September 30, 2003 through September 30, 2004, he had an animal broker license from the U.S. Department of Agriculture. Appellant also admitted that within the prior two years, he was convicted of a violation of the Lacey Act which involved transportation of exotic animals across state lines. However, he claims that it is his wife's business that operates at a loss and he merely "took the lumps" for his wife on these charges.
{ ¶ 18} Clearly the testimony of appellant and the testimony of Dawn W. and appellee are in direct conflict on the critical issue of whether appellant was justified in his failure to communicate with and support the girls. The trial court stated that it simply did not believe appellant's testimony. The trial court observed the demeanor of the parties and was in the best position to assess credibility and accuracy of witness testimony. See Sprunk citing Holcomb. Since credibility was the basis of the probate court's ruling, we must find that the ruling of the probate court was not in error. Zachary H.
 {¶ 19} Further, we reject any argument by appellant that his failure to communicate with the girls is "justified" because of the September 22, 2003, Franklin County Domestic Relations Court order that appellant "shall not have parenting time with the minor children of the parties * * *." We agree with the trial court's assessment that while the order suspended visitation, it did not prohibit communication.
 {¶ 20} We find the manifest weight of the evidence supports the trial court's decision. Appellant's two assignments of error are not well-taken, and the judgment of the Lucas County Court of Common Pleas, Probate Division is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J. Singer, P.J. Skow, J. concur.